# Exhibit 4

## Declaration of John H. Price

I, John H. Price, declare as follows:

1. I am over eighteen years old, of sound mind, and under no legal disability.

2. I am Supervising Deputy Attorney General of the Complex Litigation Division of the Office of the Attorney General, State of Hawaiʻi. In this capacity, I have acquired and retain direct personal knowledge of the matters described herein.

3. In its Motion to Disqualify Motley Rice (ECF 5276), Defendant OptumRX, Inc. ("Optum") argues that the representation by Motley Rice LLC ("Motley Rice") of the State of Hawaiʻi ("Hawaiʻi") in a civil investigation and litigation involving the prescription drug billing practices of pharmacy benefit management ("PBM") companies disqualifies Motley Rice from representing the bellwether plaintiffs with claims against Optum in the above-captioned cases. ECF 5276-1 at 2-3, 4-5, 14-15.

4. In making this argument, Optum attached a copy of the contingency fee retainer agreement between Hawaiʻi and Motley Rice for this investigation (ECF 5276-5) (the "Hawaiʻi-Motley Rice Retainer"). The Hawaiʻi-Motley Rice Retainer, at page 1, identifies Motley Rice as being retained as "Special Deputy Attorney General." This designation does not, however, bestow any special or unique governmental authority upon Motley Rice. Instead, the Hawaiʻi-Motley Rice Retainer vests control over the investigation, the litigation, and any resolution with Hawaiʻi by providing that:

> The Attorney General shall have the sole and absolute discretion to determine whether or not to authorize CONTRACTOR to proceed with litigation, including the scope of such litigation.
>
> . . .

> The Attorney General shall have final authority over all aspects of the Litigation. If the Attorney General authorizes CONTRACTOR to proceed with litigation, the litigation can only be commenced, conducted, settled, approved, and ended with the express approval and signature of the Attorney General. The Attorney General at her sole discretion has the right to appoint a designated deputy ("designated deputy") to oversee the Litigation, which appointment the Attorney General may modify at will. The Attorney General must approve in advance all aspects of this Litigation and shall be included in any settlement discussions. CONTRACTOR shall confer with the Attorney General as early as possible in any settlement negotiation process.

Hawaiʻi-Motley Rice Retainer at A1-2 to A1-3, ¶¶ I.1, II.1.

5. The Hawaiʻi-Motley Rice Retainer also expressly provides that Motley Rice is an "independent contractor" with Hawaiʻi and that Motley Rice and its own employees and agents "are not by reason of this Agreement, agents or employees of the State for any purpose[.]"

6. Throughout the investigation and litigation of its PBM prescription drug billing claims, Hawaiʻi exercised control by deciding, for example, whether, when, and to whom it would serve a subpoena for relevant information before filing suit and when to initiate litigation and on what claims and against which defendants.

7. The confidentiality agreement negotiated with OptumRx constrains the use of the documents produced by OptumRx in other matters, but also allows the State to share documents "as required by law or court order' and with other law enforcement agencies (federal, state or local, inside or outside of the state, with and without outside counsel) when an employee of the Office of the Attorney General determines it appropriate and agrees to be bound by the Agreement. Sections 2, 4.c. ECF No. 5276-7. The State cooperates with other law enforcement agencies, including by sharing information, in numerous circumstances.

8. Hawaiʻi could not conduct its PBM prescription drug billing investigation and litigation and other complex and substantial matters of great public interest, including but not limited to the prescription opioid litigation, without retaining highly qualified private law firms to

carry out the investigation and litigation under the State's control. In authorizing the State to hire private attorneys for a contingent fee, a state legislative committee specifically noted that: "in certain cases, particularly in the securities and consumer protection area where special expertise is needed, the State would benefit from using special deputies on a contingent fee basis. S. Stand. Comm. Rep. No. 304, in 1995 Senate Journal, at 940. See also H. Stand. Comm. Rep. No. 1216, in 1995 House Journal, at 1491 ("Your Committee finds that allowing private attorneys (as special deputies) to recover state monies on a contract or contingency fee basis would reduce costs as well as free up valuable resources of these departments, allowing them to pursue other matters previously ignored because of the lack of in-house resources." (Emphasis added)).

9. The Hawaiʻi Attorney General's Office does not have either the personnel or the financial resources required for all of these types of undertakings. The State's ability to retain highly qualified private law firms like Motley Rice in matters of this type is critical to protecting consumers and access to healthcare in the State of Hawaiʻi.

10. The State understands its confidentiality agreement with OptumRx to prevent outside counsel from sharing confidential documents but not from working on existing cases or other matters against OptumRx.

11. It is not unusual for the State to work with outside counsel that is also simultaneously representing other State Attorneys General, cities and/or counties in matters involving the same defendants.

12. While the State demands high standards of ethical conduct by its outside counsel, overly broad application of ethics rules in a manner that precludes attorneys and firms from pursuing representation against defendants in other litigation, particularly on behalf of other state

3

and local entities also seeking to enforce the law, could have an unnecessary detrimental effect on the State's ability to secure experienced counsel and on the administration of justice.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 14, 2024

DocuSigned by:

John H. Price

E93C6ECC3A754C6...

John H. Price

4