**DEREK E. BROWN**
UTAH ATTORNEY GENERAL
Douglas J. Crapo (USB No. 14620)
crapo@agutah.gov
Deputy Attorney General
Stevenson Smith (USB No. 18546)
scsmith@agutah.gov
Peishen Zhou (USB No. 18596)
peishenzhou@agutah.gov
Assistant Attorneys General
Utah Office of the Attorney General
160 East 300 South, 5th Floor
Salt Lake City, Utah 84114
(801) 366-0310

*Counsel for Plaintiffs*

*Additional Counsel on Signature Page*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **STATE OF UTAH** and **DIVISION OF CONSUMER PROTECTION**<br><br>*Plaintiffs*,<br><br>v.<br><br>**EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC; ESI MAIL PHARMACY SERVICE, INC; EXPRESS SCRIPTS PHARMACY, INC.; ESI MAIL ORDER PROCESSING, INC.; MEDCO HEALTH SOLUTIONS, INC.; UNITEDHEALTH GROUP, INC.; OPTUMRX INC.; OPTUMINSIGHT LIFE SCIENCES, INC.;** and **OPTUMINSIGHT, INC.**<br><br>*Defendants*. | **NOTICE OF SUPPLEMENTAL AUTHORITY CALIFORNIA V. EXPRESS SCRIPTS**<br><br>Case No. 2:25-cv-00088-JNP-DBP<br><br>District Judge Jill N. Parrish |

In accordance with DUCivR 7-1(c), Plaintiffs notify this Court of the recent Ninth Circuit decision in *California v. Express Scripts, Inc.*, No. 24-1972, 2025 U.S. App. LEXIS 23123 (9th Cir. Sept. 8, 2025), an opioid public nuisance case against OptumRx and Express Scripts defendants. The *California* court affirmed the district court's remand of the plaintiff's case to state court, holding that, "[p]laintiff, as 'master of its complaint,' excised the basis for federal jurisdiction with its disclaimer, which made remand necessary." 2025 U.S. App. LEXIS 23123 at *4 (citing *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025)) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)). The *California* decision is relevant to the issues before this Court in Utah's Motion to Remand (Dkt. 32) because it addresses the Defendants' same arguments here. Dkt. 42, at 13–23.

The Ninth Circuit held that Plaintiff's disclaimer "makes clear that Plaintiff is not challenging the actions of Defendants taken in relation to their federal clients by specifically excluding Defendants' provision of PBM or mail order pharmacy service pursuant to all federal contracts," "excludes any challenge to the creation and administration of formularies for all federal clients," and "explicitly waives any request for abatement relief or any other form of relief for Defendants' actions taken pursuant to their federal contracts." *California*, 2025 U.S. App. LEXIS 23123 at *18–20. The court concluded that the disclaimer is "precise and comprehensive in limiting all factual and legal bases for recovery based on Defendants' federal client work." *Id.*; *see* Dkt. 32, at 3–4, Dkt. 1-1, at ¶¶ 44, 361–367.

The court held that it "need not credit Defendants' incorrect interpretation of the elements of California public nuisance law nor their implausible reading of Plaintiff's amended

complaint." *California*, 2025 U.S. App. LEXIS 23123 at *10, 15–16; Dkt. 32, at 14; Dkt. 42, at 4, 10, 12, 19; Dkt. 46, at 11–12. The court rejected Defendants' argument that the collective nature of a public nuisance claim prevented plaintiff from excluding federal health plans. It noted that while under California law, public nuisance requires interference with a public right, it "need not affect all members of a community." *California*, at *20–21; *see* Dkt. 32, at 17–18 ("[I]t is not . . . necessary that the entire community be affected by a public nuisance."); Dkt. 42, at 17; Dkt. 46, at 8.

The Ninth Circuit held that Defendants' arguments "fail to satisfy the causal nexus prong, even when analyzed under the more relaxed 'relating to' standard." *California*, at *26–27. It stated, "Defendants' theory of the case does not satisfy the 'acting under' subsidiary requirement . . . because Defendants do not allege that the federal government directed their combined retail pharmacy negotiations or formulary placement for non-federal clients." *Id.* at *27; Dkt. 32, at 5–6; Dkt. 46, at 1-3. Furthermore, the court noted that Defendants had not demonstrated that "a federal officer directed them to administer formularies for non-federal clients in a manner causally connected to Plaintiff's charged conduct." *California*, at*27; Dkt. 32, at 15.

In addition, the court distinguished *Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174 (1st Cir. 2024) and *Maryland v. 3M*, 130 F.4th 380 (4th Cir. 2025). *California*, at *30–39; *see* Dkt. 42, at 14–16, 18–20. Unlike in *Puerto Rico*, "plaintiff's public nuisance claims do not challenge the single negotiated price of a drug via deceptive business practices and unfair competition laws," and unlike in the *3M* case, "Defendants do not plausibly allege that formulary placement for federal and non-federal clients was inextricably intertwined . . . Defendants' federal and non-federal work is divisible and can be analyzed independently." *California*, at *32.

| | |
|---|---|
| Dated: October 7, 2025 | By: *Elizabeth Smith*<br>Elizabeth Smith (*pro hac vice*)<br>esmith@motleyrice.com<br>Linda Singer (*pro hac vice*)<br>lsinger@motleyrice.com<br>MOTLEY RICE LLC<br>401 9th Street, Suite 630<br>Washington, DC 20004<br><br>**DEREK E. BROWN**<br>UTAH ATTORNEY GENERAL<br>Douglas J. Crapo (USB No. 14620)<br>crapo@agutah.gov<br>Deputy Attorney General<br>Stevenson Smith (USB No. 18546)<br>scsmith@agutah.gov<br>Peishen Zhou (USB No. 18596)<br>peishenzhou@agutah.gov<br>Assistant Attorneys General<br>Utah Office of the Attorney General<br>160 East 300 South, 5th Floor<br>Salt Lake City, Utah 84114<br>(801) 366-0310 Phone<br><br>*Attorneys for Plaintiffs the State of Utah and Division of Consumer Protection* |

### CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October 2025 a copy of the foregoing was electronically filed via the Court's electronic filing system and served via electronic mail to counsel of record.

/s/Elizabeth Smith
Elizabeth Smith