Michael Lyle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: 202-538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

Jonathan Collier (17185)
Michael S. Oaks (18489)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
2755 E. Cottonwood Parkway, Suite 520
Salt Lake City, Utah 84121
Tel: 801-515-7300
joncollier@quinnemanuel.com
michaeloaks@quinnemanuel.com

*Counsel for Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; ESI Mail Order Processing, Inc.; and Medco Health Solutions, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| State of Utah and Division of Consumer Protection,<br><br>Plaintiffs,<br><br>v.<br><br>Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; ESI Mail Order Processing, Inc.; Medco Health Solutions, Inc.; UnitedHealth Group, Inc.; OptumRx, Inc.; OptumInsight Life Sciences, Inc.; and OptumInsight, Inc.,<br><br>Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No. 2:25-cv-00088-DBB-DBP<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Defendants Express Scripts, Inc., ESI Mail Pharmacy Service, Inc., Express Scripts Pharmacy, Inc., and OptumRx, Inc. (together, **Removing Defendants**), submit this response to the State's submission of *California ex rel. Harrison v. Express Scripts, Inc.*, 2025 WL 2586648 (9th Cir. Sept. 8, 2025) and *Kentucky v. Express Scripts, Inc.*, 5:24-cv-303, Dkt. 71 (Aug. 27, 2025) as supplemental authority. Dkts. 78, 79.

*California* differs from this case because it held that the defendants there (also Removing Defendants here) waived reliance on rebate negotiations conducted indivisibly for federal and non-federal clients, so it did not consider that argument for federal-officer removal. 2025 WL 2586648, at *12 n.9. That case-specific finding was erroneous (and Removing Defendants are seeking further review of it), but even if it were correct, here the Removing Defendants clearly relied on their indivisible rebate negotiations in removing. Dkt. 42 at 3, 7–8, 11–12, 14–16.

More fundamentally, *California* is wrong. The Ninth Circuit acknowledged, 2025 WL 2586648, at *13, that its decision conflicts with the Fourth Circuit's rejection of a similar disclaimer in *Maryland v. 3M Co.*, 130 F.4th 380 (4th Cir. 2025)—a far more persuasive decision. Dkt. 42 at 2, 14, 18–20. *California* also conflicts with *Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174 (1st Cir. 2024), *West Virginia v. CaremarkPCS Health, LLC*, 140 F.4th 188 (4th Cir. 2025), and *Mississippi v. Optum, Inc.*, 2025 WL 1622390 (S.D. Miss. June 9, 2025), which rejected disclaimers in materially identical circumstances. Dkt. 42 at 2, 4, 7–8, 12–16, 19, 21–24; Dkt. 51. Among other errors, *California* held that remand was required unless "a federal officer *directed*" the conduct supporting removal. 2025 WL 2586648, at *10. But the Supreme Court has rejected such a requirement. *Jefferson County v. Acker*, 527 U.S. 423, 432–33 (1999). And in *Chevron USA Inc. v. Plaquemines Parish*, No. 24-813 (U.S.), the United States filed an amicus brief rejecting that requirement too. Brief for United States as Amicus Curiae Supporting Petitioners at 27,

1

*Chevron USA Inc. v. Plaquemines Par., La.*, 2025 WL 2771774 (Sept. 11, 2025). *California* thus may soon be vacated or abrogated by the Supreme Court, an additional reason for this Court not to follow it.

*Kentucky* was wrongly decided for many of the same reasons as *California*, and the defendants there (also Removing Defendants here) have appealed. *Kentucky v. Express Scripts, Inc.*, No. 25-5866 (6th Cir.) (appeal docketed Sept. 26, 2025). Like *California*, *Kentucky* acknowledged its conflict with the First Circuit's rejection of a materially similar disclaimer in *Puerto Rico*. 5:24-cv-303, Dkt. 71, at 3–5. And *Kentucky* also conflicts with the better reasoned decisions in *3M*, *West Virginia*, and *Mississippi*. Dkt. 42 at 2, 4, 7–8, 12–16, 18–24; Dkt. 51. Moreover, *Kentucky* is even less persuasive than *California*, because—in an apparent oversight—it broke with the First Circuit by relying on the very district court decision the First Circuit reversed in *Puerto Rico*. *Id.* at 5–6 (citing *Puerto Rico v. Eli Lilly & Co.*, 2023 WL 4830569, at *2 (D.P.R. July 13, 2023)).

Respectfully submitted,

Dated: October 14, 2025

*/s/ Jonathan G. Cooper*
Michael Lyle (*pro hac vice*)
Jonathan G. Cooper (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I St. NW, Suite 900
Washington, DC 20005
Tel: 202-538-8000
mikelyle@quinnemanuel.com
jonathancooper@quinnemanuel.com

Jonathan Collier (17185)
Michael S. Oaks (18489)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
2755 E. Cottonwood Parkway, Suite 520
Salt Lake City, Utah 84121
Tel: 801-515-7300
joncollier@quinnemanuel.com
michaeloaks@quinnemanuel.com

*Counsel for Express Scripts, Inc.; Express Scripts Administrators, LLC; ESI Mail Pharmacy Service, Inc.; Express Scripts Pharmacy, Inc.; ESI Mail Order Processing, Inc.; Medco Health Solutions, Inc.*

*/s/ Rodger M. Burge*
Rodger M. Burge (8582)
Bentley J. Tolk (6665)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, UT 84111
Tel: (801) 532-7840
btolk@parrbrown.com
rburge@parrbrown.com

Brian D. Boone (*pro hac vice forthcoming*)
ALSTON & BIRD LLP
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Tel: (704)-444-1000
brian.boone@alston.com

Matthew P. McGuire (*pro hac vice*)
555 Fayetteville Street
Suite 600
Raleigh, NC 27601
Tel: (919) 862 2200
matt.mcguire@alston.com

*Counsel for UnitedHealth Group, Inc., OptumRx, Inc., OptumInsight Life Sciences, Inc., and OptumInsight, Inc.*

3