**DEREK E. BROWN**
UTAH ATTORNEY GENERAL
Douglas J. Crapo (USB No. 14620)
Deputy Attorney General
Stevenson C. Smith (USB No. 18546)
Peishen Zhou (USB No. 18596)
Assistant Attorneys General
Utah Office of the Attorney General
160 East 300 South, 5th Floor
Salt Lake City, Utah 84114
(801) 366-0310
crapo@agutah.gov
scsmith@agutah.gov
peishenzhou@agutah.gov

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **STATE OF UTAH** and **DIVISION OF CONSUMER PROTECTION**<br><br>*Plaintiffs*,<br><br>v.<br><br>**EXPRESS SCRIPTS, INC.; EXPRESS SCRIPTS ADMINISTRATORS, LLC**; **ESI MAIL PHARMACY SERVICE, INC**; **EXPRESS SCRIPTS PHARMACY, INC.; ESI MAIL ORDER PROCESSING, INC.; MEDCO HEALTH SOLUTIONS, INC.; UNITEDHEALTH GROUP, INC.; OPTUMRX INC.; OPTUMINSIGHT LIFE SCIENCES, INC.;** and **OPTUMINSIGHT, INC.**<br><br>*Defendants*. | **RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 88)**<br><br>Case No. 2:25-cv-00088-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiffs the State of Utah and Division of Consumer Protection (collectively, "Utah") submit this response to the Notice of Supplemental Authority submitted by Removing Defendants on July 7, 2025 (Dkt. 88).  As further explained, the purported supplemental authority is not only easily distinguishable, but it also reinforces that remand is proper here.  *See Louisiana v. Express Scripts Inc.*, No. 25-00073-BAJ-RLB, 2025 WL 3088630 (M.D. La. Sept. 29, 2025).

First, the absence of an express disclaimer was central to the *Louisiana* court's recommended order.  The court denied the State of Louisiana's motion to remand because "the Petition does not expressly disclaim any relief sought relating to the federal programs or contracts at issue." *Id.* at *5. The court underscored that if an express disclaimer was properly asserted, "it would have potentially limited this [c]ourt's exercise of federal officer jurisdiction" *Id.* at *5 (quoting *California v. Express Scripts, Inc.*, 154 F.4th 1069, 1084–1085 (9th Cir. 2025)). That statement aligns with Utah's position that an express disclaimer severs any nexus between the claims asserted and the Removing Defendants' government-directed conduct.

Second, *Louisiana* is yet another inapplicable case cited by Defendants that concerned allegations of price inflation, not oversupply of opioids.  The State of Louisiana alleged that the defendants "negotiate for the payment of ever-increasing rebates and fees from drug manufacturers, who in turn pass their increasing costs on to independent pharmacies and consumers." *Id.* at *2.  The court held that these "broad allegations" satisfied the nexus requirement for federal officer removal because Express Scripts "collected those rebates for

FEHB plans under the direction and supervision of the OPM."[1] *Id.* at *10. However, these allegations cannot establish any similar nexus here, where Utah's claims do not concern the mere *collection* of rebates but rather the *exchange* of rebates for the preferential formulary placement of opioids. *See California*, 154 F.4th at 1084–1085 (9th Cir. 2025) (nexus requirement not met where defendants "do not plausibly allege how, absent the contracts with the federal government, Defendants would have negotiated the retail pharmacy agreements or administered formularies for their non-federal clients in any materially different way").

*Louisiana* demonstrates why Defendants continued reliance on price inflation cases and/or claims without express disclaimers is misplaced.

Respectfully Submitted,

**DEREK E. BROWN**
UTAH ATTORNEY GENERAL

Dated: November 14, 2025

By: */s/ Stevenson C. Smith*
Douglas Crapo (USB No. 14620)
crapo@agutah.gov
Deputy Attorney General
Stevenson C. Smith (USB No. 18546)
scsmith@agutah.gov
Peishen Zhou (USB No. 18596)
peishenzhou@agutah.gov
Assistant Attorneys General
Utah Office of the Attorney General
160 East 300 South, 5th Floor
Salt Lake City, Utah 84114
(801) 366-0310

*Attorneys for Plaintiffs*

---

[1] The court found that Express Scripts was "acting under OPM's direction" because Express Scripts alleged that "OPM ***directs*** FEB carriers to contract with PBMs, including Express Scripts, to . . . administer formularies, and negotiate and pass-through manufacture rebates." *Id.* at *8 (emphasis added). No similar allegation is made in our case, and the record establishes the opposite. Motion to Remand (Dkt. 32) at 6 ("OPM does not require FEHBA Carriers to hire PBMs to manage their pharmacy benefits"); Expert Report of Richard Frank (Dkt. 32-2) ¶¶ 25–28.

## CERTIFICATE OF SERVICE

    I hereby certify I caused a true and correct copy of the foregoing **RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 88)** to be filed by the Court's CM/ECF system, which electronically transmitted notice of such filing to all counsel of record this 14th day of November, 2025.

                                                           */s/ Peishen Zhou*
                                                           Peishen Zhou